UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathryn Floyd Causey, | ) C/A No. 4:13-970-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| City of Myrtle Beach, South Carolina; | ) (Partial Summary Dismissal) |
| City of Myrtle Beach Police Department; | ) |
| Officer M. Paitsel; | ) |
| Officer K. Ballard-Wolf; | ) |
| Dianne L. Pieterse, Sergeant; | ) |
| Male Employee Belk, unidentified, and | ) |
| Belk, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

**BACKGROUND**

Kathryn Floyd Causey ("Plaintiff") sues numerous Defendants, seeking damages and other relief allegedly arising from an incident of excessive force that occurred in and around the outside of the Myrtle Beach, South Carolina Coastal Grand Mall in November 2012. Plaintiff pleaded guilty to disorderly conduct and breach of the peace charges that apparently resulted from a confrontation between Plaintiff and an employee at the Belk Department Store ("Belk") in the Mall, but, in this civil action, she alleges that a Belk employee, who was impersonating an officer, and the three Myrtle Beach police officer-Defendants treated her rudely, subjected her to false arrest, and used

excessive force against her. She alleges that her medical conditions, including degenerative disc disease, fibromyalgia, and heart trouble, were exacerbated by Defendants' actions and that she suffered serious personal injury. In addition to suing the four persons who allegedly used excessive force against her, Plaintiff also sues the City of Myrtle Beach, the City of Myrtle Beach Police Department, and Belk, even though she does not allege any specific, individual wrongdoing by these three Defendants.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*. The mandated liberal construction afforded *pro se* pleadings means that

2

if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the *pro se* Complaint in this case is subject to partial summary dismissal as to three Defendants.

## DISCUSSION

Initially, the Complaint should be partially summarily dismissed as to Defendant City of Myrtle Beach ("the City") because there are no allegations from which a plausible constitutional-violation claim pursuant to 42 U.S.C. § 1983[1] claim for "false arrest" or "excessive force" can be stated against this Defendant, and there is no other basis for this court to exercise its subject matter jurisdiction against the City evident from the face of the pleading. For one thing, Plaintiff's Complaint contains no allegations of wrongdoing directly applicable to the City. The City, itself, is not mentioned in the Complaint anywhere except in the caption and on page 2 of the complaint form, where Plaintiff lists the parties. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).

baseless); *Weller v. Dep't of Soc. Servs.*, 901 F.2d at 389n. 2)(dismissal proper where there were no allegations to support claim). In absence of substantive allegations of wrongdoing, there is nothing from which this court can liberally construe any type of plausible cause of action arising from the Complaint against the City. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278; *Gordon v. Leeke*, 574 F.2d at 1151.

Moreover, to the extent that Plaintiff's Complaint could be *extremely* liberally construed to allege, through inference only due the lack of specific allegations, that the City is liable for Plaintiff's allegedly unconstitutional treatment at the hands of city police officers, the Complaint would still fail to state a plausible claim for which this court can provide relief; thus, the City should be dismissed from this case. A municipality cannot be held liable solely because it employs a tort-feasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* or vicarious liability theory. *See Los Angeles County v. Humphries*, _ U.S. _, 131 S.Ct. 447, 452 (2010). A county or municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, the municipality may be, individually, held liable under § 1983 only for an official policy or custom that inflicts an injury on a citizen of a constitutional dimension. *Monell v. N. Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). There are no such allegations in Plaintiff's Complaint. Consequently, to the extent that Plaintiff's Complaint seeks to hold the City liable for the actions of its police officers under the stated circumstances and submitted allegations, it should be partially summarily dismissed for failure to state a claim upon which this court may grant relief.

Also, the Complaint should be partially summarily dismissed as to Defendant City of Myrtle

Beach Police Department for lack of specific allegations of any individual wrongdoing by this Defendant, and it cannot be held liable under § 1983 simply because one or more of its employees were involved in unconstitutional activity. Moreover, the Police Department is not a "person" who can act "under color of state law," which is a requirement in order to establish liability of any litigant under § 1983. *See, e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992); *Hoffman v. Hunt*, 845 F. Supp. 340, 344 n. 1 (W.D.N.C. 1994); *Gore v. Conway Police Dept.*, No. 9:08-1806-RBH , 2008 WL 2566985 (D.S.C. June 26, 2008). Because it is not a person who can be sued under § 1983 and because Plaintiff's allegations fail to state any other plausible claim for relief against it, this case cannot go forward against the Myrtle Beach Police Department and, thus, the Complaint should also be partially summarily dismissed as to this Defendant.

Additionally, no plausible federal claim is stated against Defendant Belk and, therefore, the Complaint also should be partially summarily dismissed as to this Defendant. The only potential federal claim evident from the face of the Complaint against Belk is also one pursuant to § 1983. No plausible § 1983 claim is stated against Belk because it is not a "state actor." To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,"

and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 457 U.S. 922, 937 (1982); *see United States v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of America, AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar*, 457 U.S. at 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).

Whether a private individual's or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). It is well settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). Thus, Belk does not become a state actor simply because it uses the services of the City police to assist in maintaining the peace in its stores as alleged here. There are no allegations of any particular "nexus" or unusually close relationship between Belk and law enforcement or other state-actors that would support any claim of "state action" in connection with Belk's involvement in the situation of which Plaintiff complains.

Finally, to the extent that the Complaint could be liberally construed as stating any viable state-law- based claims against any of these Defendants that *could* be considered under this court's supplemental jurisdiction because they arise out of the same transaction, the court should decline to

exercise such jurisdiction insofar as these three Defendants are concerned and any viable state-law-based claims against them should be dismissed without prejudice so that Plaintiff may pursue her remedies in an appropriate state forum should she choose to do so. *See Webb v. McCullough*, 828 F.2d 1151, 1160 (6th Cir. 1987)("[i]f the federal claims are dismissed before trial ... the state claim[s] should be dismissed as well." ); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* as to Defendants City of Myrtle Beach, City of Myrtle Beach Police Department, and Belk. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. The Complaint should be served on the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 12, 2013  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 2317
>Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).