UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KATHRYN FLOYD CAUSEY, ) | Civil Action No.: 4:13-cv-0970-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CITY OF MYRTLE BEACH, SOUTH ) | |
| CAROLINA; CITY OF MYRTLE BEACH ) | |
| POLICE DEPARTMENT; OFFICER ) | |
| M. PAITSEL; OFFICER K. BALLARD- ) | |
| WOLFF; DIANE L. PIETERSE, ) | |
| SERGEANT; MALE EMPLOYEE BELK, ) | |
| UNIDENTIFIED, and BELK, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action arising from an alleged incident of excessive force and false arrest that occurred in and around the outside of the Myrtle Beach, South Carolina Coastal Grand Mall in November 2012. Presently before the Court is a Motion to Dismiss (Document # 54) filed by Defendant Male Employee Belk, Unidentified. Because she is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion could result in the dismissal of her claims. Plaintiff timely filed a Response (Document # 59) to the Motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

**II.     PROCEDURAL HISTORY**

On June 12, 2013, the undersigned entered an Order (Document # 19) authorizing service

of process on Defendants Officer M. Paitsel, Officer K. Ballard-Wolf, Dianne L. Pieterse, Sergeant, and Male Employee Belk, unidentified.[1]  The Order directed the Clerk of Court to forward to the United States Marshal copies of the Order, Plaintiff's Complaint, and Summonses and Forms USM-285 completed by the Plaintiff for service of process.  The Order also warned Plaintiff that she was responsible for providing information sufficient to identify Defendants for service on the Forms USM-285, that the United States Marshal cannot serve a defendant who is not properly identified and that Defendants who are not served in a timely fashion may be dismissed pursuant to Rule 4, Fed.R.Civ.P.

The Summons completed by Plaintiff does not identify the person to whom it is directed. Summons (Ex. A to Def. Motion).  It simply lists the address for the Belk store at the Coastal Grand Mall.  The Form USM-285 completed for Defendant Male Employee Belk, unidentified, is directed to "Belk Employee Male, Shawn McNally[2], Head of Security" at the address for Belk at Coastal Grand Mall.  It also includes in the special instructions section: "As Belk has refused to identify male security guard who assaulted me, I am sending service to Shawn McNally, Head of Security for Belk."  Form USM-285 (Document # 50).  The USM-285 was returned by the United States Marshal as executed on June 25, 2013.  It indicates that it was served by certified mail to the address provided by Plaintiff and includes a return receipt signed by Sandra Farrow.

**III.    DISCUSSION**

Defendant Male Employee Belk, unidentified seeks dismissal of the claims against him

---

[1] On the same day, a Report and Recommendation (Document # 20) was also entered, recommending dismissal of Defendants City of Myrtle Beach, City of Myrtle Beach Police Department and Belk, which was subsequently adopted and these Defendants were dismissed. Order Ruling on Report and Recommendation (Document # 30).

[2] Plaintiff does not allege that Shawn McNally is the Male Belk Employee.

pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) for Plaintiff's failure to properly serve him. When a defendant challenges the manner or sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C.2003) (citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C.1996)).

Pursuant to Rule 4(a)(1)(B), Fed.R.Civ.P., a Summons must be directed to the Defendant. As stated above, the Summons completed by Plaintiff did not include a name or even "Male Employee Belk, unidentified." Summons (Ex. A to Def. Motion). In addition, subsection (e) of Rule 4 provides the procedure by which an individual located in the United States may be served:

> (1) Following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) Doing any of the following:
>     (A) Delivering a copy of the summons and of the complaint to the individual personally;
>     (B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(e), Fed.R.Civ.P. The South Carolina Rules of Civil Procedure likewise provide for service of the Summons and Complaint upon an individual by delivering the suit papers to the individual personally, by leaving a copy at his dwelling or usual place of abode with a person of suitable age and discretion, by delivering a copy to the individual's agent for service of process, or by certified mail, return receipt requested and delivery restricted to the addressee. Rule 4(d)(1) & (d)(8), SCRCP. Neither the state nor federal rules allow for service by mailing a copy of the Summons and Complaint to the defendant's employer. As stated above, the name and address Plaintiff provided on the Form USM-285 was Shawn McNally, Head of Security at the address for the Belk at Coastal

Grand Mall. Accordingly, Plaintiff has not effectively served Defendant Male Employee, Belk, unidentified with the Summons and Complaint in this case. Dismissal of an action against a defendant under Rule 12(b)(5) for insufficiency of service is within the discretion of the court. Reinhold v. Tisdale, C.A. No. 8:06–3311–MBS–BHH, 2007 WL 2156661, at *3 (D.S.C. April 30, 2007) (citing Dimensional Communications, Inc. v. OZ Optics, Ltd., 218 F.Supp.2d 653, 655 (D.N.J.2002)), adopted by 2007 WL 2173368 (D.S.C. July 26, 2007). Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished." Id. (citing Curcuruto v. Cheshire, 864 F.Supp. 1410, 1411 (S.D.Ga.1994)).

Here, quashing the attempted service and dismissing Defendant Male Belk Employee, unidentified, is appropriate because the attempted service was improper and service at this time would be untimely pursuant to Rule 4(m), Fed.R.Civ.P. Rule 4(m) provides that all defendants must be served with the Summons and Complaint within 120 days of the filing of the Complaint. In cases such as this one where the court must authorize service of process before the summons and complaint can be served, the 120-day service period is tolled until the court authorizes service of process. Robinson v. Clipse, 602 F.3d 605, 608-09 (4th Cir. 2010). If service does not occur within this time frame, the Court may dismiss the claims against any unserved defendant. More than 120 days has passed since the Order authorizing service was entered in this case. In addition, although Plaintiff indicates that she has discovered the identity of Defendant Male Belk Employee, Eric Scoptia, the record reveals that Plaintiff was aware of this Defendant's identity at least as early as July of 2013. See Pl. Response to Motion to Dismiss p. 3 (Document # 39) (In Response to Defendant's previously filed Motion to Dismiss, which was subsequently replaced by the present Motion, Plaintiff states that Defendant Male Belk Employee has been identified). More than 120 days has passed since Plaintiff discovered the identity of this Defendant yet she has failed to seek

leave of this Court to amend her Complaint or to extend the time for service. Therefore, dismissal is proper.

### IV.    CONCLUSION

For the reasons discussed above, it is recommended that the Motion to Dismiss (Document # 54) be granted and Defendant Male Employee Belk, unidentified be dismissed without prejudice from this action.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

March 20, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**